## 11672.   FINNEY *v.* DAVIS.

The alleged fraud of the seller of an automobile, in representations as to its condition, as set out in the defendant's plea, constituted no defense to an action on a promissory note for a part of the purchase-price, the note containing language as follows: " Vendor does not warrant said property except as to title, and vendee shall be liable for loss of or injury to same from any cause. There are no verbal conditions to this contract not herein expressed."

DECIDED DECEMBER 15, 1920.

Certiorari; from Bibb superior court — Judge Mathews.   April 20, 1920.

The plea was to the effect that the defendant went to the plaintiff's place of business for the purpose of purchasing a Ford car, and the plaintiff represented to him that a certain Dodge car which the plaintiff had at that place was better than any Ford car and was in the best of condition in every respect; and the defendant, having had no experience in the automobile business, and reposing special trust and confidence in the plaintiff and in the representations so made to him, and relying on these representations, agreed to purchase the car, paid part of the purchase-price, and gave the note sued on for the remainder of the purchase-money; that he then drove the car away from the plaintiff's place of business, and before he reached his home, a distance of eight miles, the car broke down and he discovered that it was not as represented and was worthless, and he immediately went back to the plaintiff and offered to return the car if the plaintiff would take it and let him have a Ford car, and offered to pay more money down on the Ford car, but the offer was refused; that he delivered the car to the plaintiff, and it remained in the plaintiff's possession; that the defects in the car were not patent and were unknown to him and he could not have known of them when the note was given, and he was induced to sign the note by the plaintiff's misrepresentations as to the condition of the car, and was deceived and defraud-

ed by these representations; and there was a total failure of consideration. The plaintiff demurred to the plea and moved to strike it, the plaintiff contending that it set forth no defense, and was insufficient in that it attempted to vary the terms of a written contract, and that the allegations did not show fraud. The judge of the municipal court of Macon, in which court the action was brought, sustained the demurrer, struck the plea, and directed a verdict for the plaintiff. Certiorari was sued out by the defendant, the certiorari was overruled, and he excepted.

*Early W. Butler,* for plaintiff in error, cited: Park's Code, § 4112; 107 *Ga.* -89; 142 *Ga.* 263-4; 114 *Ga.* 360; 9 *Ga. App.* 766(1, 2); 105 *Ga.* 584(2); 32 *Ga.* 704; 111 *Ga.* 740(1); 21 *Ga. App.* 809; 123 *Ga.* 815(3); 133 *Ga.* 726(2); 83 *Ga.* 212(2); 3 *Ga. App.* 756(2); 68 *Ga.* 830 (third case); 93 *Ga.* 765; 119 *Ga.* 876(4).

*Robert G. Plunkett,* contra, cited: 142 *Ga.* 836; 121 *Ga.* 381; 112 *Ga.* 321; 137 *Ga.* 602(2); 17 *Ga. App.* 448; 110 *Ga.* 850; 57 *Ga.* 350; Civil Code (1910), § 4135.

BROYLES, C. J. Under the facts of the case as disclosed by the record, the court did not err in overruling the certiorari.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*